[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties married on June 27, 1981 at Ansonia, Connecticut. They have lived in Connecticut continuously since that time. There are three minor children issue of the marriage: Antonina Mancini, born March 15, 1982; Emanuela Mancini born October 6, 1985; Gabriel Mancini Born January 25, 1991.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Sec. 46b-56, Sec. 46b-81. Sec. 46b-82 and Sec. 46b-84 C.G.S. in CT Page 5185 reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 16 years. The plaintiff is 44 years of age. She has had recent surgery and was out of work for 5 weeks: she will continue to be seen by her doctor for additional tests. The plaintiff remained at home for most of the marriage, caring for her home and three minor children. The plaintiff, who has a high school education, went to work in January 1995 and earns a net of $260 per week.
The defendant is 45 years of age. He has been employed at Sikorsky Aircraft for the past ten years. He earned a net of $32,814 for the year 1996 which is approximately $631 net per week. The defendant left the marital home in December 1995. The parties have not spoken since that time and the defendant has had little contact with his minor children during this time.
The defendant has not complied with the Pendente Lite orders and there is a substantial arrearage with respect to mortgage payments and child support payments.
The plaintiff owned the two family home with her brothers prior to her marriage to the defendant. In August 1991, the plaintiff and the defendant obtained a $116,000 mortgage, paid off her family, and title to the property was transferred to the plaintiff. The parties also had a second mortgage of $10,000 which has been paid off in full. Prior to the institution of this dissolution, the defendant's income and the rental income paid for all the household bills and the mortgage. The equity in the marital home is approximately $21,000.
In 1993 or 1994 the plaintiff settled a personal injury claim and received a net of $10,000. The plaintiff placed the funds in bank books for the three minor children.
The defendant has a pension entirely funded by the company which is vested. It has a present value of approximately $11,000. The defendant requests that he be awarded all of his pension in lieu of any claim to the family home.
The plaintiff claims the marriage broke down due to the defendant's gambling habits and physical and verbal abuse. The physical abuse was documented by photographs and testimony. The defendant denied any physical abuse. CT Page 5186
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates the greater fault for the cause of the breakdown must be attributed to the defendant.
The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Custody and Visitation
Custody of the minor children is awarded to the plaintiff with rights of reasonable, liberal and flexible visitation to the defendant. As the parties have not spoken since their separation in December 1995 and the defendant has been very remiss in keeping in touch with his children. joint custody does not appear to be appropriate at this time.
Child Support
1. The defendant shall pay to the plaintiff as child support the sum of $250 per week for the support of the three minor children.
2. Child Support for each child shall continue until each child shall reach the age of nineteen years or complete twelfth grade, whichever event shall first occur. death or emancipation.
3. Said order of child support shall commence within one week of date.
4. An immediate withholding is ordered to secure the award of child support.
Real Estate
The marital home located at 89 North State Street, Ansonia is awarded to the plaintiff and the defendant shall have no interest therein. Commencing June 1, 1997, the plaintiff shall be responsible for the mortgage and taxes and shall hold the defendant harmless thereon.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $50 per week until the youngest child shall reach the age of CT Page 5187 18 years. Said alimony shall earlier terminate upon the death or remarriage of the plaintiff, or the death of the defendant.
Pension
The defendant is awarded his interest in his pension and the plaintiff shall have no claim thereto.
Life Insurance
The defendant shall maintain the existing life insurance as is available at his place of employment for the benefit of the plaintiff and the minor children for so long as the defendant has an obligation for alimony and/or child support. This provision shall be modifiable.
Personal Property
1. The defendant shall be entitled to the following:
 a VCR one 19 inch TV bar set glass table and four chairs in the attic the old stereo set if available the defendant's tools including saw, hammer, screw driver, etc. The plaintiff is to be left with the necessary tools for house and garden maintenance.
2. The plaintiff shall be entitled to the furniture and furnishings at the marital home including but not limited to the following:
 the 31 inch TV dining room set and end tables new stereo and air conditioners grass cutter
 Medical Coverage
1. The defendant shall continue the existing medical insurance benefits and coverage for the minor children as are available to him through his place of employment.
2. Any unreimbursed medical costs shall be equally divided CT Page 5188 between the parties.
3. The plaintiff shall be entitled to COBRA benefits at her expense, as are available through the defendant's employment.
Debts
1. The defendant shall be solely responsible for the following debts and shall hold the plaintiff harmless therefrom — said debts are solely in the defendant's name.
 Spector Furniture Emhart Radio Shack Home Depot
2. The defendant shall reimburse the plaintiff the sum of $266 representing the medical reimbursement check the defendant cashed and used for his own purposes.
Arrears
1. There is an arrears of $3,789 due on the mortgage which the defendant was ordered to pay Pendente Lite.
2. There is also an arrears on child support Pendente Lite in the amount of $950 as of April 28, 1997.
3. The Pendente Lite arrearage of mortgage payments and child support total $4,739. It is ordered that the arrearage be paid at the rate of $50 per week. It will take the defendant approximately 94 weeks to pay the arrearage (approx. 21 months). The child support arrears is subject to audit.
4. The payment of the arrears shall be secured by means of an immediate withholding on the defendant's pay.
Tax Exemptions
1. Commencing with 1997, the defendant shall be entitled to claim the two youngest children as dependents for income tax purposes provided he is current on the support payments as of December 31st.
2. When the oldest child can no longer be claimed as a CT Page 5189 dependent, the parties shall each take one child as a dependent for tax purposes. The defendant shall be entitled to said dependency exemption provided he is current on the child support payments as of December 31st.
3. This provision shall be modifiable.
Counsel Fees
Each party shall be responsible for their respective counsel fees.
Miscellaneous
1. Neither party shall restrain, annoy, harass or threaten the other by mail or by phone.
2. Parenting Education Program was previously ordered for both parties and the fees are waived for both parties.
3. The mortgage arrears and child support arrears shall be considered as family support and maintenance and shall not be dischargeable in bankruptcy.
Coppeto, J.